Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3680 | **DATE** | August 4, 2010 |
| **CASE TITLE** | U.S. ex rel. Tommy Smith (#K-70261) vs. Warden Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. Respondent is ordered to file a limited response to the petition within twenty-one days of the date of this order. The response shall address whether inordinate delay justifies bypassing state court remedies, as well as any other issues Respondent may deem relevant. Petitioner may file a reply brief within twenty-one days of Respondent's brief. Petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Tommy Smith, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his murder conviction on the grounds that: (1) the State failed to disclose that one of its witnesses was testifying under duress; and (2) trial and appellate counsel were ineffective.

Petitioner having demonstrated that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Although Petitioner has paid the statutory filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-appointed counsel.

Petitioner acknowledges that postconviction proceedings are pending, but seems to contend that he is entitled to federal habeas relief due to inordinate delays in the state court system. Petitioner indicates that on February 2, 2007, the Illinois Appellate Court reversed his conviction and remanded the case for an evidentiary hearing, which was apparently never held; he additionally asserts that he has been awaiting ruling since February 4, 2009, on a "petition to vacate void judgment."

A failure to exhaust may be excused if the available state corrective process is ineffective–that is, if there exists an inordinate and unjustified delay in the state court proceedings. *See, e.g., Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). While there is no bright line rule as to what constitutes "inordinate" delay, our Court of Appeals has found delays of seventeen months and three and one-half years to be inordinate. *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970) (on direct appeal from
**(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

conviction, attorney's failure to file appellate brief after seventeen months constituted inordinate delay); *Lowe v. Duckworth*, 663 F.2d 42 (7th Cir. 1981) (exhaustion excused since post-conviction petition lay dormant for three and a half years); *Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994). Petitioner may therefore be able to establish that he should be permitted to circumvent the state post-conviction process.

For the foregoing reasons, Respondent is ordered to file a limited response to the petition within twenty-one days of the date of this order. Respondent should discuss the petition in light of the legal framework described above, in addition to any other issues Respondent may deem pertinent. Petitioner may file a reply within twenty-one days of the respondent's brief.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.